Filed 4/19/21  P. v. Navarro CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BALDEMAR NAVARRO,<br><br>    Defendant and Appellant. | C091909<br><br>(Super. Ct. No. MCYK-CRF-2015-706-2) |

Defendant Baldemar Navarro appeals from the trial court's order authorizing the involuntary administration of medication.  His appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We conclude defendant is not entitled to a *Wende* review and will dismiss this appeal as abandoned.

1

## BACKGROUND

Defendant was charged with eight counts of aggravated sexual assault of a child--six for sexual penetration (Pen. Code, § 269, subd. (a)(5)),[1] one for rape (§ 269, subd. (a)(1)), and one for oral copulation (§ 269, subd. (a)(4))--and two counts of lewd act upon a child (§ 288, subd. (a)).  It was further alleged that for all counts defendant committed an offense specified in section 667.61, subdivision (c) against more than one victim (§ 667.61, subds. (b) & (e)); for all counts but one lewd act count that more than one victim was under 14 years old; and that for all counts he had two prior convictions for sex crimes (§§ 667.51, subd. (a), 667.6, subd. (a)).

On January 15, 2019, the trial court found defendant not competent to stand trial and suspended criminal proceedings.  The court based its finding on two psychologists' reports.  The court also heard and denied defendant's motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  The court committed defendant to the State Department of State Hospitals for a maximum of two years.

On January 16, 2020, the State Department of State Hospitals filed a petition to compel involuntary treatment with antipsychotic medications.  The trial court held a hearing on the petition on January 30, 2020.  A psychiatrist who had been working with defendant at the state hospital testified in support of the petition.  The court found "the evidence established really without contradiction that [defendant] lacks the capacity to make decisions regarding antipsychotic medication," "his mental disorder requires medical treatment with antipsychotic medication," and "that serious harm will result to [defendant's] mental health if he's not treated with antipsychotic medication." Consequently, the court ordered defendant be administered antipsychotic medication involuntarily.  Defendant filed a notice of appeal to this order on April 22, 2020.

---

[1]  Undesignated statutory references are to the Penal Code.

On May 20, 2020, the State Department of State Hospitals filed a certification that defendant was competent to stand trial and on June 2, 2020, the trial court ordered criminal proceedings reinstated.

## DISCUSSION

Counsel filed an opening brief that sets forth the relevant procedural history and facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but has not done so.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) And the due process right to *Anders*/*Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano,* at p. 500; *Ben C.,* at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano,* at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable issues on appeal. (See *Serrano,* at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Though defendant is

3

subject to a criminal proceeding, the issue he has appealed – authorization of involuntary administration of antipsychotic medication – was issued in the context of a competency commitment, and these proceedings are civil in nature. (*People v. Lawley* (2002) 27 Cal.4th 102, 131.) We conclude that defendant has no right to *Wende* review of the order to administer antipsychotic medication involuntarily. (*Conservatorship of Ben C., supra,* 40 Cal.4th at pp. 537, 544 [dismissal of appeal appropriate where "appointed counsel in a conservatorship appeal finds no arguable issues"].) Further, given defendant's failure to file a supplemental brief despite being advised of his right to do so, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 [because postjudgment order appealed from is presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned], review granted Oct. 14, 2020, S264278.)

## DISPOSITION

The appeal is dismissed.


/s/
HOCH, J.



We concur:



/s/
RAYE, P. J.



/s/
RENNER, J.



4